<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PATRICK J. McCLINE, SR.,<br><br>*Plaintiff,*<br><br>v.<br><br>MICHAEL KELLY *et al.*,<br><br>*Defendants*. | Civil Action No. 26-2918<br><br>**OPINION AND ORDER**<br><br>July 7, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before this Court upon *pro se* Plaintiff Patrick McCline's ("Plaintiff") filing of a complaint (ECF 1, "Complaint" or "Compl.") and an application to proceed *in forma pauperis* (ECF 1-2). Having reviewed Plaintiff's application, the Court has decided this matter upon submission, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's application is **DENIED.**

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying filing fees—that is, *in forma pauperis*—so long as the plaintiff demonstrates that he or she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); and

**WHEREAS** a "District Court has discretion to determine whether to grant IFP" applications. *In re Kellam*, 628 F. App'x 85 (3d Cir. 2016) (citing *United States v. Holiday*, 436 F.2d 1079, 1079 (3d Cir. 1971)); and

1

**WHEREAS** a litigant "must establish that he is unable to pay the costs of his suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016), and "bears the burden 'to provide the Court with the financial information it needs to make a determination as to whether [they] qualify for IFP status." *Gray v. GT Auto Sales*, No. 25-5982, 2026 WL 63483, at *1 (D.N.J. Jan. 8, 2026) (quoting *Freeman v. Edens*, No. 07-1227, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007)); *see also Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)) ("a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty"); and

**WHEREAS** this Court has denied IFP applications where plaintiffs state that they are unemployed, have zero income, assets, or expenses, and do not expect any future income, without any explanation as to how they subsist. *See Gray*, 2026 WL 63483, at *1-2 (denying a plaintiff's IFP where they "marked zeroes across the board" because the court could not determine his financial status or how he covered his minimal expenses with no income); *Afshar v. Rutgers Univ.*, No. 24-7251, 2024 WL 4476154, at *1 (D.N.J. Oct. 11, 2024) (denying a plaintiff's IFP application where "he wrote '0' for every single box, declaring that he has no income, no assets, no savings, and most implausibly, no expenses," because the court could not evaluate his "claimed indigency"); *Hedgepeth v. Cap. Health*, No. 23-3620, 2023 WL 6579821, at *2 (D.N.J. Oct. 10, 2023) (denying a plaintiff's IFP application where he listed that he had "no cash, no bank accounts, no assets, no income, and no expenses" and failed to "explain how he subsists without paying any expenses")); and

**WHEREAS** apart from indicating that he was employed at "Fresh Cuts" for 2 days, (ECF 1-2 at 2), noting that he is homeless, "possibly sentenced to jail," and that his legal residence is in

2

Margate, NJ in Sections 11 and 12, (*id.* at 5), Plaintiff entered a zero or "N.A." in each remaining portion of his IFP application.  (*See generally id.*); and

**WHEREAS** this Court has also denied IFP applications where plaintiffs provide inconsistent information.  *See Devivo v. O'Hearn*, No. 25-16057, 2025 WL 2977823, at *2 (D.N.J. Oct. 22, 2025) (denying a plaintiff's IFP application where a significant portion was "internally inconsistent," because, for example, the plaintiff listed $1,200 in mortgage payments, $250 in monthly food expenses, and $300 in monthly transportation expenses, yet also wrote that they paid "0$" in total monthly expenses); *Izzo v. Somerset Cnty. Prosecutor's Off.*, No. 25-2136, 2025 WL 1043435, at *3 (D.N.J. April 8, 2025) (denying a plaintiff's inconsistent IFP application, where, for example he listed a short period of employment with Uber in one section while indicating a lack of employment history in another); *Johnson-El v. Olivia*, No. 24-9460, 2024 WL 5107362, at *2 (D.N.J. Dec. 13, 2024) (denying a plaintiff's inconsistent IFP application where he claimed his average monthly income was $20,000 and total monthly income was $3,600 during the same time period); and

**WHEREAS** Plaintiff's IFP application provides contradictory information about his place of residence.  The Complaint indicates that Plaintiff resides at "111 N. Barclay Ave." in Margate, Atlantic County, New Jersey, (Compl. at 1), Section 11 of his IFP application indicates that he is homeless, and Section 12 indicates he maintains a legal residence in Margate, NJ.  (ECF 1-2 at 5); *see Thomas v. Bumb*, No. 24-1046, 2024 WL 816068, at *3 (D.N.J. Feb. 27, 2024) (denying the plaintiff's IFP application where he cited homelessness as a reason for indigency but also listed a home address on the front page of his complaint).

Accordingly, **IT IS** on this 7th day of July, 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice; and it is

**ORDERED** that Plaintiff shall have thirty (30) days to either (1) file an updated IFP application correcting the deficiencies the Court notes above or (2) remit the $405 filing fee (including a $350 filing fee and a $55 administrative fee); and it is

**ORDERED** that the Clerk of the Court is directed to **CLOSE** this case; and it is finally

**ORDERED** that the Clerk of Court is directed to mail a copy of this Order and a blank IFP application to Plaintiff by certified mail.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:       Clerk
cc:         Jose R. Almonte, U.S.M.J.
            Parties

4